## Cooke contᵃ Oliver

Elizabeth Cooke Execˣ and Elisha Cooke Executoʳ to the last Will & testamᵗ of the late Lᵗ Richᵈ Cooke deceᵈ or either of them plaint. contᵃ Capᵗⁿ James Oliver Defendᵗ for witholding the Summe of two hundred and Four pounds ten Shillings & nine pence in money due upon the ballance of an accoᵗᵗ under his hand datᵈ 23ᵗʰ July. 1679. with due damages. . . . [ **630** ] The Jury . . . found for the plaint. two hundred and Four pounds ten Shillings nine pence in money & costs of Court grantᵈ thirty Shillings and twopence.

Execution issued 27° Febr° 1679.

[ The account on which this action is based (copy in S. F. 1910.11) goes back to the year 1660. It includes charges for goods advanced from Cooke's store on a rather wholesale scale, such as "100 hhᵈˢ Salt at 12ˢ 6ᵈ per hhᵈ — 62*l* 10ˢ"; money lent or advanced, as "paid Lᵗᵗ Remington for a Cowe — 4*l* 10ˢ"; and the following item:

| | £ s d |
|---|---|
| To 62ˡⁱ per bill of Exchange wᶜʰ should have been pᵈ in London in yᵉ yeare .1653. wᵗʰ the allowance for the Exchange at .25ˡⁱ perᶜ is . | 77:10:— |
| To the Jnterest of Ditto from yᵉ 1° June 1654. to yᵉ 1° June 1679. being 25 yeares at 6ˡⁱ perᶜ amounts to . . . . . . . . . . . . . . | 116:05:— |

Following the account is Oliver's attested acknowledgment of it:

Accountᵈ with Elisha Cooke this. 23° day of July. 1679 and there rests due to his Mother mʳs Elizabeth Cooke Executrix of the late Richard Cooke deceᵈ the Summe of two hundred & four pounds ten Shillings & nine pence in money. As witness my hand the day & year abovesᵈ

Erroʳs Excepted per James Oliver

Jn puʳsence of us.
 Sarah Leverett
 Ann Hubbard

Sarah Leverett made Oath that Shee was puʳsent and did see James Oliver Subscribe his hand to this Accoᵗ & that Shee set her hand thereto as a witness

& that Ann Hubbard did also as a witness Subscribe the same on the day of the date thereof, this was done the .26° day of Jan$^r$y. 1679

Before me Anthony Stoddard Commiss$^r$

m$^{rs}$ Ann Hubbard tooke Oathe to Cap$^{tn}$ Olivers Subscribing this Acc° in as full manner as m$^{rs}$ Leverett is Sworn 30.2:80.

attests J. Addington Cler.

Oliver's attorneys obtained a review of the case at the next County Court; but between the two actions an attempt was made to reach a settlement:

### S. F. 1910.16

James Allen aged 47. yeares or thereabout testifieth & Saith. — That Cap$^t$ James Oliver did sometime in February last past come to the Deponent and desire him to heare the grounds of the difference between him & D$^r$ Cooke about a debt oweing to D$^r$ Cookes Father in order to the issuing of s$^d$ difference of which they had a tryall the last County Court here at Boston, having severall times discoursed each of them about it and perswaded s$^d$ m$^r$ Cooke and his Mother to accept of a Summe which Cap$^t$ Oliver did assure the Deponent hee would willingly pay to them; the s$^d$ Oliver did afterwards desire that m$^r$ Nowell & his Kinsman m$^r$ John Oliver might meete at the Deponents house to debate what was the true principle debt, who did there accordingly meete and after much discourse of a debt of Sixty two pounds due by bill of Exchange in London, the Deponent seriously urgeing Cap$^t$ Oliver to act the part of an honest man and say whither this was a debt yet unpaid or not hee answered to this effect, that hee durs't not wrong his conscience, but did acknowledge it was yet unpaid and therefore due from him either to m$^{rs}$ Cooke as the Relict and Executrix to L$^{tt}$ Cooke dece$^d$ or m$^r$ Daniel Hoare, it being originally a debt due to them in partnership, and if m$^r$ Cooke and his mother would discharge him from the s$^d$ Hoare as his Father had done he would pay it to him, w$^{ch}$ D$^r$ Cooke told him hee would do: This Depon$^t$ further Saith that s$^d$ Cap$^{tn}$ Oliver did twice with him agree upon a Summe that hee would presently pay if s$^d$ Cooke would accept it w$^{ch}$ this Deponent did perswade s$^d$ m$^{rs}$ Cooke & her Son D$^r$ Cooke for peace sake to accept; Which Agreement (as afterwards J understood) was not performed by Cap$^{tn}$ Oliver, and that s$^d$ Oliver did at severall other times of his own accord acknowledge that it was a true debt, and that hee was agreived only at the Jnterest. The acknowledgement of the debt in the house of the depone$^t$ was in pu$^r$sence of m$^r$ John Oliver and L$^{tt}$ Reynolds & further Saith not.

Taken upon Oath the .29th of .2th m°: 1680 before me Anthony Stoddard Commiss$^r$

Own$^d$ in Court upon former Oath .30th April 1680.

attests Js$^a$ Addington Cler

Copia Vera. per Js$^a$ Addington Cler

### S. F. 1910.13

John Walley aged about thirty five yeares testifies that severall times discourseing with Doctor Cooke about the Action and Acco$^{tt}$ that was depending between Cap$^{tn}$ Oliver and him, hee hath heard s$^d$ Cooke owne that the Summe that had been due upon the bill of Exchange on the partable Account Hoare

suing Cap$^{tn}$ Oliver for the money, y$^t$ upon Cap$^t$ Oliver Request to cleare him of Hoare, his Father gave him a receipt on the partable Acco$^{tt}$ & made Cap$^{tn}$ Oliver D$^r$ to his proper Acco$^{tt}$ which in Cap$^{tn}$ Oliver behalfe wee urged hee would shew his Bookes to make y$^t$ appeare, but hee refused.

John Oliver testifieth to the truth of the abovewritten

Sworn in Court by both Depon$^{ts}$ 30th april. 1680.

Js$^a$ Addington Cler

Vera Copia attest$^r$ Js$^a$ Addington Cler.

John Hubbard and Major William Phillips testified (S. F. 1910.15) that Oliver had asserted "he objected against nothing in the Accomp$^t$ but the Jnterest."

In S. F. 1910.1 is a copy of the attachment against Oliver in the original action. The return, with a later note by the clerk, is worded as follows:

Novemb$^r$ 25th 1679.

J attached the ground of Cap$^t$ James Oliver on which his house did stand before the last fire in Boston with all the rest of his Land thereunto adjoining.

Return Waite Marshall

m$^r$ Cooke made Oath in Court 30th Janur$^o$ 1679. that hee deliu$^{rd}$ a Summons to Cap$^{tn}$ Oliver

attests J. Addington C.

This document furnished one of the arguments for the following Declaration (S. F. 1910.6), presented to the County Court by Oliver's attorneys at the review in April, 1680:

Wee humbly Offer that the s$^d$ Cap$^{tn}$ Olivers not so well minding or understanding his own concern nor seeing the snare that Doctor Cooke had laid to get his Estate from him & his secret manageing this matter as much as might bee that the s$^d$ Cap$^t$ Olivers Freinds might not appeare to defend his cause and discover s$^d$ Cookes unfaire if not unjust dealing therein was the Reason that no Defend$^t$ appeared in the last County Court, therefore a Reveiw being of the nature of a writt of Error, wee hope that if wee make it appear now, that there was no ground for the proceeding of the case at that Court, then wee shall obtain Judgem$^t$ for o$^r$ full damages now.

1$^o$ Wee Say that there was no Defend$^t$ appeared to owne nor any testimony that the Summons was served or given to s$^d$ Oliver Six dayes before the Court (as the Law provides) & had Doctor Cooke Sworne as to the time, which hee did not or that the Summons hee deliu$^{rd}$ related to this, yet wee leave it with the Hono$^{rd}$ Court to consider whither a party Swearing in that case bee legall proofe where the Defend$^t$ is not there to owne or deny.

2$^o$ Wee Say the Officer in his Return Saith that hee attached y$^e$ ground of Cap$^{tn}$ Oliver but doth not Say to respond that Action therefore conceive that the case should not have proceeded unless there had been something attached to answer that action, for the attachm$^t$ the very words of it are to attach y$^e$ goods or Estate of &c$^a$ to answer the compl$^t$ &c$^a$ but it did not appeare that this Estate was attached to answer the Action according to the tenour of that attachm$^t$. See the marshalls Return.

3º Wee say the partys are not understood if they are joint Executo$^{rs}$ then they should jointly Sue and then what is due to the Estate is due to them jointly & so not at their Liberty to Sue severally, now by will they are joint Executo$^{rs}$ for it saith J appoint Eliz: Cooke Executrix and Elisha Cooke Executo$^r$ but not Eliza: Cooke or Elisha Cooke Executrix or Executo$^r$ &c$^a$. But as to the Action they or either of them by Attachm$^t$ Sue for £.204:10:9$^d$ due upon ballance of Acco$^{tt}$ under Cap$^{tn}$ Olivers hand but say not whither it is for so much due to one of them or whither due to both of them or if but to one to which of them, hee Saith for £.204:10:9$^d$ due but not to whome, and in the attachm$^t$ hee refers to a writing dat$^d$ 23$^d$ July. 1679. now that writing if it hath Cap$^t$ Olivers hand to it, it is with an exception or reservation, all hee Saith is no more then that it is true, that there is so much due if the Acco$^{tt}$ bee not false, which we Suppose will amount to as much as comes to nothing, for let the Erro$^{rs}$ bee discounted which are excepted and there will appeare very little if anything due to the now Defend$^t$ or Defend$^{ts}$. That writing saith so much due to Eliz: Cooke, now the action and that writing do not agree, for if it were due to her then not to her or him or either of them, they Say in the Attachm$^t$ for so much upon ballance now there is not one such word in that writing, and it argues that they were not agreed nor come to any conclusion or ballance by his setting his hand to it with that Reservation Erro$^{rs}$ Excepted which was never seen to a writing of that nature, the testimony in Court was single, and onely sworn that Shee saw Cap$^t$ Oliver Set his hand to an Acco$^{tt}$ but not that hee set his hand to a writing containing such a Summe as the ballance neither was the Deponent present in Court to owne the Deposition as y$^e$ Law requires: As for the Acco$^{tt}$ it will prove itselfe Erronious Jf the Hono$^{rd}$ Court & Jury will please to take notice that the first Article of it Js for ballance then made up (w$^{ch}$ was y$^e$ 4th of 8$^{ber}$ 1660). 23$^{li}$ 00:07$^d$ then due to L$^{tt}$ Rich$^d$ Cooke, and this pretended bill of Exchange was to bee paid in Ann$^o$ 1653 and therefore must needs bee included in the ballance of 23$^{li}$00:07$\frac{1}{2}$ due in anno: 1660: being Seven yeares before. . . .

4. Error. And as for .194$^{li}$ of the Summe recovered it is not onely included in the ballance of .23:00:07$\frac{1}{2}$ (as wee Say before) but hee makes it rise from a pretended bill of Exchange which should have been paid in England but never Saith who it was drawn by who it was drawn upon or who payable to, now wee desire that hee should shew some probability or appearance that there ever was such a bill of Exchange for 62$^{li}$ To produce such an one wee know hee cannot wee have often urged him to shew his Bookes but judge hee dares not; but supposeing Cap$^{tn}$ Oliver had given such or any other bills of Exch$^a$ they are to bee accounted p$^d$ unless hee produce a protest under a publique Notary's hand according to the custom of Merchants, and if hee saith hee hath any bill of Exch$^a$ from Cap$^t$ Oliver let him produce it and make it appeare what the Summe was and wee Judge wee are capable to prove it p$^d$ As for severall other Articles in the Acco$^{tt}$ Cap$^{tn}$ Oliver knows nothing of them viz$^t$ in perticular for Jnterest for m$^r$ Snelling and Rent for m$^r$ Dexter but wee desire that the Hon$^{rd}$ Court would cause m$^r$ Cooke to produce his Bookes to compare with the Acco$^{tt}$ and then wee doubt not but his Bookes will prove more Erro$^{rs}$ in the Acco$^{tt}$ then wee are able to doe. And to conclude supposeing the .62$^{li}$ per bill of Exchange had been due upon which hee charges one hundred & odde pounds for interest yet o$^r$ Law title usury Saith that no usury shalbee allowed contrary to the law of God, and how well m$^r$ Cooke hath attended the law of God wee leave to the Hono$^{rd}$ Court & Country

to consider w<sup>ch</sup> Saith in .25. Leviticus. 35. 36. and if thy Brother bee waxen poore and fal'n id decay with thee then thou shal't releive him yea though hee bee a Stranger or a Sojourner that hee may live w<sup>th</sup> thee take thou no usury of him or Jncrease but feare thy God that thy Brother may live with thee: wee shall adde no more at pu<sup>r</sup>sent untill wee see further occasion but Rest.

yo<sup>r</sup> Hono<sup>rs</sup> humble Servants

John Oliver    Nath<sup>ll</sup> Oliver

Nath<sup>ll</sup> Williams

Boston Ap<sup>ll</sup> y<sup>e</sup> 28th 1680.

Vera Copia attest<sup>r</sup> J. Addington Cler.

S. F. 1910.9

An Answer to Cap<sup>tn</sup> Olivers Attournys' Declaration

Jn their preface they do very unworthily charge the Defend<sup>t</sup> with laying a Snare &c<sup>a</sup> and with unfaire & unjust dealing in this matter but mention no perticular for demonstration thereof; in which they shew their Machivilian policy to reproach & cast aspertions at any rate, to which J shall rather speake something then write if the hono<sup>rd</sup> Court please to give me leave.

1. And as to their pleas J Answer.  1. To the first that y<sup>e</sup> Defend<sup>t</sup> made Oath that hee deliu<sup>rd</sup> a Summons to Cap<sup>tn</sup> Oliver according to the tenor of the attachm<sup>t</sup> upon the wedensday before the Court w<sup>ch</sup> was judged legall proofe.

2. To the Second.  That the Officer made a Return of what hee attached and the process declares for what.

3. To the third.  The Executo<sup>r</sup> appeared in Court personally and the Executrix by her Letter attorny to the Executo<sup>r</sup> which Letter the Bench allowed and deliu<sup>rd</sup> again to the Executo<sup>r</sup> and said it need not bee kept in Court and that either had sufficient power to Sue. . . .

And to their pretended Erro<sup>rs</sup> in the Acco<sup>t</sup> J Answer

1. That the .62<sup>li</sup> due in London was upon bill Exchange & not charged to Cap<sup>t</sup> Olivers perticular Acco<sup>tt</sup> in the Booke untill the yeare .1662. and therefore could not bee included in the ballance of an Acco<sup>tt</sup> made up the :4: October .1660. and therefore no Error. . . .

3. What need is there of declaring by whome these bills were drawn upon whome or to whom payable & of produceing protests &c<sup>a</sup> w<sup>n</sup> Cap<sup>t</sup> Oliver hath from time to time for so many yeers owned the debt and doth still as appeares per his Subscribing the Acco<sup>t</sup> & y<sup>e</sup> many other testimonys in the case.

Jn their conclusion they do as at the begining take to themselves liberty to revile and reproach, as if so solemn an Assembly as a Court of Judicature were a place licensed for men to vilify scandalize & calumniate at their pleasure as they do not onely the Defendant but his deceased Father and that without the least shadow of reason in speaking of his Bookes so reproachfully as they do, w<sup>ch</sup> neither of them have ever seen though Cap<sup>t</sup> Oliver hath often and alwaies said the Acco<sup>t</sup> was right & just the law they quote (w<sup>ch</sup> the Generall Court therein saith is agreeable to the word of God) allows .8. per<sup>c</sup> per annum  & for bills of Exchange more, and it is the practice of our Courts to allow for money due in England by bills of Exchange or otherwayes 25 per<sup>c</sup> for the Exchange of money w<sup>ch</sup> is but the bare difference between our money & theirs, and also .8. per<sup>c</sup> per annum upon the whole, but Cap<sup>tn</sup> Oliver is charged with no interest at all for the first yeare and afterwards but 6. per<sup>c</sup> w<sup>ch</sup> hee was then freely willing to allow;

The Defend^ts were so far from oppressing Cap^t Oliver as that they were willing (as full Satisfaction of the debt) to accept of what Cap^t Oliver was freely willing to give & would have abated considerably of that too, w^ch issue these Gent^n his pretended Freinds with great endeavo^rs prevented which concessions not being complyed with ought not now to abate of the just & legall right of the Defend^ts the Attournys' whole designe in this matter hath been to calumniate the Defend^t & darken & perplex the case with impertinent pleas and papers to mislead the Jury & keepe Cap^t Oliver out of Court least hee should speake truth there as hee hath done elsewhere: But the debt for which the Judgem^t was granted the last Court being sufficiently proved and by Cap^t Oliver owned, though its said hee Signed the Acco^t with the reservation of Erro^rs excepted w^ch is a thing most frequent in Signing of Acco^tts which was ever hitherto understood to bee meant Erro^rs onely in casting: The Defend^ts hope this Hono^rd Court & Jury will see sufficient reason to grant them their costs & Subscribe

Yo^r Hono^rs humble Servant

Elisha Cooke in behalfe of his mother<br>Elizabeth Cooke & himselfe

Vera Copia attest^r Js^a Addington Cler.

Despite the obvious sophistry of most of Oliver's attorneys' arguments, the jury found for him 193*l* 15*s* money and costs of court, in partial restoration of what had been taken from him by execution after the original action. Cooke appealed; his Reasons are no longer to be found, but a lengthy answer by Oliver's attorneys is in S. F. 1910.7, reproducing to a considerable degree the contents of the previous "Declaration." A few sections of this document are of some interest:

2ly Their Second is a false Assertion: for Capt. Oliver never acknowledged Soe much Due to the Appell^ts & whereas it is Said, that Cap^t Olivers Subscription is as a Specialty, wee Beleive that, neither D^r Cooke, nor any man else, Ever Saw Such a Specialty as that is, & if any man give a Bill under his hand, w^th that reservation (Errors Excepted) though it be Jmprudence, yet Such a Specialty (though Sollemnly Signed before two wittnesses) bindes the Signer to pay no more then what shall appeare to be due, when the Errors are discounted, against w^ch he excepted: & if men in a Secret & Clandestine way shall be drawne in & perswaded to sett their hands to a paper, w^ch is deliberatly & designedly made to get away their Estates from them, & Such Actions shall passe for bindeing Conclusions, how shall Any man keep his just right? . . . . Jf the Acc^ot had bin Signed by Capt. Oliver, where m^r Cooke had bin y^e Debtor, then it had bin propper for Capt Oliver to have signed his Acc^ot w^th (Errors Excepted) & then Jt is Confest it might have bin taken only for Errors in casting but this is just the Contrary & Capt Oliver, when he was drawne in & none of his freinds present to Jnforme him better, if he must Signe to Satisfye m^r Cookes Mother, as he pretended he had good reason to Except against m^r Cookes Errors, w^ch now appeare to be many & great: And when he Saw that, that Stratagem would not doe, because of those words (Errors Excepted) he tenders to Sware that Capt. Oliver owned the Jnterest & was willing to allowe itt; & as m^r Cooke said that Courts of Judicature were not places for men to vilify one another in, neither are they

Places for men to Sware other men into their debts: & the Hon<sup>d</sup> County Court saw Just Reason to deny D<sup>r</sup> Cooke the takeing of Such an Oath, the Contrary Oath being tendered by Capt. Oliver at the same time.

At the hearing of the appeal at the Court of Assistants (Records, i. 165–166)

. . . the Jury Brought in their virdict they found for the Deffendant<sup>s</sup> Confirmation of the forme<sup>r</sup> Judgment & Costs of Courts. The plaintif declard he Attainted the Jury for erro<sup>r</sup>s or mistakes & in open Court Elisha Cooke in behalfe of his mother & for himself w<sup>th</sup> Isaack Addington his suerty Acknowledged Jointly & seuerally themselues &c bound in tenn pounds to the Tresure<sup>r</sup> of the Country on Condition that the sajd Elisha Cooke should prosecute his Attaint of the Jury as to matter of Erro<sup>r</sup> at the next Court of Assistants to effect. E R S

The new hearing took place on 1 March, 1680/81 (Records, i. 179):

m<sup>rs</sup> Elizabeth Cooke executrix & m<sup>r</sup> Elisha Cooke execcuto<sup>r</sup> plaintiffe<sup>s</sup> in an Action of Appeale on Attaint of the Jury whereof m<sup>r</sup> Holliok was foreman. Aagainst Cap<sup>t</sup> James olliuer deffendant: from the virdict of the Jury at the last Court of Assistants After the Attachment the Courts Judgment & euidences in the Case produced were read Comitted to the Jury & are remaynng on file  The Jury brought in their virdict i e in the sajd Case depending between the s<sup>d</sup> m<sup>rs</sup> Eliza: Cook & m<sup>r</sup> Elisha Cooke plaintiff and the Atturney<sup>s</sup> of Capt<sup>n</sup> James olliuer deffendants the Jury finds for the plaintiff seventy two pounds fiueteene shillings and nine pence money & Costs of Courts seuen pounds fowe<sup>r</sup>teen shillings & 4<sup>d</sup> Reuersing the former Judgment.]